# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TONY SCOTT WALKER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Gibson (Trenton) County**
**No. 8563   Clayburn Peeples, Judge**

---

**No. W2011-01668-CCA-R3-HC  - Filed February 17, 2012**

---

The Petitioner, Tony Scott Walker, appeals the Circuit Court of Gibson County's dismissal of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ALAN E. GLENN,  J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Tony Scott Walker, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clark Bryan Thornton, Assistant Attorney General for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner was convicted of first degree felony murder for the 1995 killing of a Milan grocery store owner during the perpetration of a robbery and was sentenced to life imprisonment.  This Court affirmed his conviction on appeal.  See State v. Tony Scott Walker, No. 02C01-9704-CC-00147, 1997 Tenn. Crim. App. LEXIS 1208 (Tenn. Crim. App., at Jackson, Dec. 3, 1997), perm. to appeal denied (Tenn. Sept. 21, 1998).  The Petitioner subsequently sought post-conviction relief.  The post-conviction court denied relief, and this Court affirmed the post-conviction court's judgment on appeal.  See Tony S. Walker v. State, No. W2001-02921-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 187 (Tenn.

Crim. App., at Jackson, Feb. 28, 2003), perm. to appeal denied (Tenn. May 27, 2003). In May 2004, the Petitioner filed a petition for writ of error coram nobis. The trial court dismissed the petitioner, and this Court affirmed the dismissal. See Tony Scott Walker v. State, No. W2009-00988-CCA-R3-CO, 2010 Tenn. Crim. App. LEXIS 325 (Tenn. Crim. App., at Jackson, May 14, 2010), perm. to appeal denied (Tenn. Oct. 13, 2010).

In May 2011, the Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Gibson County. He maintained that (1) the trial court did not read the indictment to the jury before the trial commenced; (2) the State failed to prove that the offense occurred prior to the indictment; (3) the trial court improperly instructed the jury regarding sentencing and parole; (4) the search of his residence was illegal; and (5) his statement to the police was involuntary. The State filed a motion to dismiss the petition. On July 7, 2011, the trial court entered an order granting the State's motion and dismissing the petition. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 Tenn. Crim. App. LEXIS 282 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman, 153 S.W.3d at 19-20; Archer, 851 S.W.2d at 165. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." Hickman, 153 S.W.3d at 21. Tennessee Code Annotated section 29-21-105 provides that "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Although the Petitioner is incarcerated in Lauderdale County, he filed his petition in the Gibson County Circuit Court.

The Petitioner maintains the filing of the petition in the Gibson County Circuit Court is proper because it is the convicting court and is in possession of the records pertaining to the sentence. This Court, however, has repeatedly held that this is not a sufficient reason for filing in a court other than the one where the petitioner is located. See, e.g. Larry L. Halliburton v. State, No. W2001-00755-CCA-R3-CO, 2002 Tenn. Crim. App. LEXIS 74 (Tenn. Crim. App., at Jackson, Jan. 30, 2002), perm. to appeal denied (Tenn. July 1, 2002); Jimmy Wayne Wilson v. State, No. 03C01-9806-CR-00206, 1999 Tenn. Crim. App. LEXIS 620 (Tenn. Crim. App., at Knoxville, June 24, 1999), perm. to appeal denied (Tenn. Nov. 22, 1999); Charles Bryant v. State, No. 03C01-9803-CR-00115, 1999 Tenn. Crim. App. LEXIS 421 (Tenn. Crim. App., at Knoxville, May 4, 1999). The Petitioner's failure to comply with Tennessee Code Annotated section 29-21-105 alone is an adequate basis for the trial court to dismiss his petition. See Clifford W. Rogers v. State, No. W2002-02268-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 326 (Tenn. Crim. App., at Jackson, Mar. 25, 2003).

The Petitioner also has failed to comply with the statutory requirements for seeking habeas corpus relief. Specifically, the Petitioner failed to attach a copy of the judgment of conviction and failed to state that the illegality of his restraint had not been adjudicated in a prior proceeding and that this petition was the first application for the writ. See T.C.A. § 29-21-107(b)(2)–(4).

Moreover, the Petitioner has failed to establish that he is entitled to habeas corpus relief. On appeal, the Petitioner claims that (1) the trial court "erred in reading the indictment

after the evidence had been submitted to the jury"; and (2) the trial court did not properly instruct the jury regarding sentencing and parole. The Petitioner has waived his first claim by failing to raise it in the trial court. Furthermore, habeas corpus relief is not available for a claim of erroneous jury instructions. See Jerry Dickerson v. Howard Carlton, Warden, No. E2007-01967-CCA-R3-HC, 2008 Tenn. Crim. App. LEXIS, at *4 (Tenn. Crim. App., at Knoxville, Mar. 10, 2008), perm. to appeal denied (Tenn. June 23, 2008). The trial court properly dismissed the Petitioner's petition for writ of habeas corpus.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE